Filed 8/28/20  P. v. Thornton CA4/1
# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>WILLIAM CECIL THORNTON,<br><br>    Defendant and Appellant. | D077231<br><br><br><br>(Super. Ct. No. SCE396110) |

APPEAL from a judgment of the Superior Court of San Diego County, Daniel Lamborn, Judge.  Affirmed.

William Cecil Thornton, in pro. per.; and John L. Staley, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

William Cecil Thornton entered into a plea agreement, under the terms of which he pleaded guilty to one count of possession of methamphetamine (Health and Saf. Code, § 11377, subd. (a)) and admitted a strike prior (Pen. Code, § 667, subds. (b)-(i)).  The prosecution agreed not to prosecute a pending Penal Code section 290 case and agreed to dismiss the remaining charge and allegations.  The parties stipulated to a 32 month sentence.  The

court sentenced Thornton to 32 months in custody and imposed a $750 restitution fine and several fees and assessments.

Thornton filed a timely notice of appeal, however his request for a certificate of probable cause was denied.

Appellate counsel has filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*), indicating he has not been able to identify any arguable issues for reversal on appeal.  Counsel asks this court to review the record for error as mandated by *Wende*.  We offered Thornton the opportunity to file his own brief on appeal.  We will further address Thornton's supplemental brief later in this opinion.

## STATEMENT OF FACTS

This appeal is from a guilty plea with no evidentiary hearing.  The record shows that Thornton was stopped by a law enforcement officer.  The subsequent search produced methamphetamine and a pipe.

## DISCUSSION

As we have noted, appellate counsel has filed a *Wende* brief and asks this court to review the record for error as mandated by *Wende*.  To assist the court in its review of the record, and in compliance with *Anders v. California* (1967) 386 U.S. 738 (*Anders*), counsel has identified the following possible issue that he considered in evaluating the potential merits of the appeal: Whether the court operations assessment ($40), the conviction assessment ($30), and the fines imposed pursuant to Government Code section 29550 ($154), should be stricken because the trial court's statement "all other standard fines and fees are ordered," was insufficient to make them part of the judgment.

As we have discussed, the case arises from a stipulated sentence in a plea agreement.  Thornton's request for a certificate of probable cause was

2

denied by the trial court. Thornton recognizes he cannot attack his guilty plea without a certificate (*People v. Panizzon* (1996) 13 Cal.4th 68). He now requests this court to order the trial court to issue a certificate of probable cause. We decline to do so. Thus, the cognizable issues on this appeal can only deal with matters occurring after the plea.

The record on appeal is very brief and does not include any objections in the trial court nor any submissions raising any of the issues Thornton now seeks to raise for the first time. The only claim in the supplemental brief that relates in any fashion to the record, is the claim his stipulated 32-month sentence is constitutionally infirm. There is nothing in the record to cause Thornton's contention to rise to the level of an arguable issue for reversal on appeal. In short, Thornton's shotgun attack on his conviction in this case cannot be addressed on direct appeal. We lack a record to support the claims which could not be reached in any event due to the lack of a certificate of probable cause. Further pursuit of his myriad claims must be accomplished by a petition for habeas corpus where a record can be developed. (*People v. Mendoza Tello* (1997) 15 Cal.4th 264.)

We have reviewed the entire record as required by *Wende* and *Anders*. We have not discovered any arguable issues for reversal on appeal. Competent counsel has represented Thornton on this appeal.

## DISPOSITION

The judgment is affirmed.

HUFFMAN, Acting P. J.

WE CONCUR:

O'ROURKE, J.

AARON, J.